IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DOGGETT, | ) |
|       Plaintiff, | ) |
|       v. | ) No. 05 C 2495 |
| COUNTY OF COOK and CYNTHIA PRZISLICKI, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff David Doggett ("Doggett") brings this three-count Amended Complaint alleging a violation of his First Amendment rights under 42 U.S.C. § 1983, breach of contract, and promissory estoppel against Defendants Cook County ("Cook County" or the "County") and Cynthia Przislicki ("Przislicki"). Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motion.

**BACKGROUND**

From June 22, 1992 until February 7, 2005, the County employed Doggett as an Emergency Room Technician ("ERT") at the John Stroger Hospital (the "Hospital"). (R. 11-1; Pl.'s Am. Compl., ¶ 5.) The County employs Przislicki as the Director of Nursing of Emergency Medicine at the Hospital and Przislicki is Doggett's supervisor. (*Id.* ¶ 4.) Cook County is a municipal corporation organized and existing under the laws of the State of Illinois. (*Id.* ¶ 3.)

On May 25 and June 25 of 2004, Doggett made several complaints to Przislicki concerning practices at the Hospital that he regarded as unsafe. (*Id.* ¶ 7.) On July 21, 2004,

Przislicki banned flextime schedules for all ERTs.  (*Id.* ¶ 8.)  Doggett was the only ERT who used flextime.  (*Id*. ¶ 9.)  On September 7, 2004, Doggett filed suit against the County in state court seeking injunctive relief from Defendants' prohibition of flextime schedules for ERTs.  (*Id.* ¶ 10.)  On February 7, 2005, Defendants terminated Doggett for an incident involving a psychiatric patient admitted to the Hospital.  (*Id.* ¶ 11.)

Doggett now sues Defendants on three counts.  In Count I, Doggett alleges that Defendants violated his First Amendment right to comment on matters of public importance and prohibited flextime schedules in retaliation for his comments.  (*Id*. ¶¶ 12-13.)  In Count II, Doggett alleges that Defendants breached their employment contract with him when they prohibited flextime schedules.  (*Id.* ¶¶ 15-17).  In Count III, Doggett brings a promissory estoppel claim.  (*Id.* ¶¶ 14-25.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case.  *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)).  In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff.  *Centers,* 398 F.3d at 333.

## ANALYSIS

**I.     First Amendment Claim**

In Count I of his Amended Complaint, Doggett alleges that both the County and Przislicki violated his First Amendment right to free speech.  Defendants argue that Doggett's claim against the County should be dismissed because he has failed to identify any alleged wrong committed by Cook County or by Przislicki in her official capacity.[1]  Specifically, Defendants contend that Doggett's Amended Complaint does not contain allegations of policy, practice, or custom requisite to a suit against a municipality.  Further, Defendants argue that the Amended Complaint is deficient because it fails to identify Przislicki as a policymaking official.

To state a constitutional claim against the County, Doggett must plead that an official custom or policy caused a deprivation of his constitutional rights.  *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  To properly plead that a municipal policy violated his constitutional rights, Doggett must allege one of the following scenarios:  (1) the County had an express policy that, when enforced, causes a constitutional deprivation; (2) the County has a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled that it constitutes custom or usage within the force of law; or (3) a person with final policymaking authority caused the constitutional injury.  *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000); *see also Palmer v. Marion Cty.,* 327 F.3d 588, 594-95 (7th Cir. 2003).  In *McCormick,* the Seventh Circuit emphasized that federal courts do not apply heightened pleading standards in

---

[1]  The Court construes Doggett's constitutional claim against Przislicki in her official capacity as a claim against the County itself.  *Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985) (citing  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

constitutional claims based on municipal liability. *Id.* at 323-24 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). Instead, plaintiffs are only required to provide defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168.

Here, Doggett alleges that "Defendants under color of state law and by custom and policy, violated Doggett's First Amendment rights by altering his work schedule, terminating him in retaliation for speaking out against a variety of unsafe Emergency Room practices existing at John Stroger Hospital." (*See* Am. Compl. ¶ 13.) Doggett's bare-boned allegation is short of meeting the liberal pleading standards under *McCormick* and *Leatherman*. More specifically, Doggett's allegation leaves out facts that are necessary to give Defendants a complete understanding of the "custom or policy" underlying his *Monell* claim against them. *See McCormick,* 230 F.3d at 325; *see also McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir. 1995). Accordingly, the Court grants Defendants' Motion to Dismiss the *Monell* claim.

Defendants also argue that proof of a single allegation of unconstitutional conduct does not show that a policy, practice, or custom exists. Defendants' argument fails for two reasons. First, under an express policy claim, "one application of the offensive policy resulting in a constitutional violation is sufficient to establish municipal liability." *Calhoun v. Ramsey,* 408 F.3d 375, 379-80 (7th Cir. 2005) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 822, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Second, at this procedural posture, the Court does not examine the proof or evidence underlying Doggett's claim, but simply determines whether Doggett has given Defendants fair notice of what his claim is and the grounds upon which it rests. *See Leatherman,* 507 U.S. at 168; *see also Payton v. Rush Presbyterian – St. Luke's Med. Ctr.,* 184 F.3d 623, 626-

4

27 (7th Cir. 1999) (plaintiff need not plead evidence). As discussed above, because Doggett has failed to properly plead his *Monell* claim, the Court grants Defendants' motion as to this claim.

Next, the Court turns to whether Doggett has properly alleged a First Amendment claim against Przislicki in her individual capacity. For an individual to be liable under Section 1983, she must have participated directly in the constitutional violation. *Palmer,* 327 F.3d at 594. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Here, Doggett alleges that Przislicki banned flextime schedules for all ERTs and that Defendants violated his First Amendment rights by altering his work schedule. Based on the federal notice pleading standards, Doggett has sufficiently alleged that Przislicki directly participated in the violation of his First Amendment rights. *See* Fed.R.Civ.P. 8(a)(2); *Swierkiewicz v. Sorema,* 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002).

## II.     Breach of Contract Claim

Next, Defendants assert that Doggett has failed to state a claim for breach of contract because he has not attached the necessary written contract to his pleading as required by 735 ILCS 5/2-606 (2005).

When determining state law claims brought in federal court pursuant to supplemental jurisdiction, federal courts follow the Federal Rules of Civil Procedure. *See Houben v. Telular Corp.,* 309 F.3d 1028, 1032-33 (7th Cir. 2002)*; see also Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir. 2002) (citing *Hanna v. Plumer*, 380 U.S. 460, 469-74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Because "federal courts, unlike Illinois state courts, do not require that critical documents be attached to the complaint," *see Arnold v. Janssen Pharmaceutica, Inc*. 215

F.Supp.2d 951, 962 (N.D. Ill. 2002), Defendants' argument fails. Thus, the Court denies

Defendants' Motion to Dismiss Doggett's breach of contract claim.[2]

### III.     Promissory Estoppel Claim

Last, Defendants contend that Doggett has failed to properly allege a claim of promissory estoppel because he did not allege any misrepresentation or concealment of a material fact. The misrepresentation or concealment of a material fact, however, is an element of an equitable estoppel defense – not an element of a promissory estoppel claim. *See McInerney v. Charter Golf, Inc.,* 176 Ill.2d 482, 485, 680 N.E.2d 1347, 223 Ill.Dec. 911 (1997) ("Equitable estoppel is available if one party has relied upon another party's misrepresentation or concealment of a material fact. Absent such misrepresentation or fraud, the defense is not available).

Instead, to properly plead a promissory estoppel claim, Doggett must allege that (1) Defendants made an unambiguous promise to him, (2) he relied on the promise, (3) his reliance was expected and foreseeable by Defendants, and (4) he relied on Defendants' promise to his detriment. *Quake Constr. v. American Airlines, Inc.,* 141 Ill.2d 281, 309-10, 152 Ill.Dec. 308, 565 N.E.2d 990 (1990). Here, Doggett has alleged that the County made an unambiguous promise to him that he could work a flextime schedule, he relied on the County's promise to his detriment, and his reliance was expected and foreseeable. (*See* Am. Compl. ¶¶ 19, 23, 24.) Under the liberal federal notice pleading standards, Doggett has properly alleged a claim of promissory estoppel under Illinois law. Therefore, the Court denies Defendants' motion as to

---

[2] In the alternative, Defendants argue that because Doggett failed to attach the required documentation to the Amended Complaint, the Court may assume that Doggett is attempting to enforce an oral lifetime employment contract which is not allowed under the Statute of Frauds. Defendants' argument is not only tenuous, but it is not supported by the allegations in the Amended Complaint.

Doggett's promissory estoppel claim.

## CONCLUSION

Based on these reasons, the Court grants in part without prejudice and denies in part Defendants' Motion to Dismiss. The Court grants Plaintiff leave to re-plead the *Monell* claim against the County.

Dated: August 25, 2005

                                        **ENTERED**

                                        _____
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**